UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

DAVID MCFERRIN, et al.,

    Plaintiffs,

v.

OLD REPUBLIC TITLE, LTD., et al.,

    Defendants.

CASE NO. C08-5309BHS

ORDER GRANTING DEFENDANT OLD REPUBLIC TITLE, LTD.'S MOTION TO CONTINUE CLASS CERTIFICATION BRIEFING SCHEDULE PENDING RULING ON DISPOSITIVE MOTIONS

This matter comes before the Court on Defendant Old Republic Title, Ltd.'s Motion to Continue Class Certification Briefing Schedule Pending Ruling on Dispositive Motions (Dkt. 63). The Court has considered the pleadings filed in support of and in opposition to the motion and the remainder of the file and hereby grants the motion for the reasons stated herein.

## I. PROCEDURAL BACKGROUND

On May 14, 2008, Plaintiffs David and Katherine McFerrin filed a class action complaint alleging that Defendants Old Repulblic Title, Ltd., and Old Republic National Titles Insurance Company had breached contracts; had violated the Real Estate Settlement Procedures Act, 12 U.S.C. §§ 2601-2617; had violated the consumer

ORDER - 1

1 protection statutes of 35 states and the District of Columbia; were unjustly enriched; had
2 breached fiduciary duties; and had breached agent duties. Dkt. 1.

On October 17, 2008, Plaintiffs filed an amended complaint and added named Plaintiffs Koos J. and Cynthia L. Jager. Dkt. 19. Plaintiffs alleged that there were two classes: (1) the Reconveyance Scheme Class and (2) the Earning Credit Scheme Class. *Id*. at 29-30. With regard to the asserted claims, Plaintiffs altered only the consumer protection claim by alleging that Defendants had violated only the Washington Consumer Protection Act, Chapter 19.86 RCW. *Id*. at 38-39.

On October 29, 2008, the Court entered a briefing schedule for class certification. Dkt. 21. On March 16, 2009, Plaintiffs filed a Motion for Class Certification. Dkt. 38.

On March 3, 2009, Defendant and Third-Party Plaintiff Old Republic Title filed a Third-Party Complaint against Third-Party Defendants Reconveyance Services, Inc., Troy X. Kelly, and Diane Duffrin Kelley. Dkt. 33.

On March 26, 2009, Plaintiffs filed a Second Amended Complaint. Dkt. 42. In this complaint, Plaintiffs updated their factual allegations and legal theories in light of certain discovery. *See* Dkt. 35 at 1-2.

On April 16, 2009, Defendant and Third-Party Plaintiff Old Republic Title filed a Motion for Partial Summary Judgment on Plaintiffs' Earnings Credits Claims (Dkt. 54) and a Motion for Partial Summary Judgment on Reconveyance Fee Claims (Dkt. 55).

On April 20, 2009, the court clerk entered a default as to Third-Party Defendant Reconveyance Services. Dkt. 61.

On April 22, 2009, Defendant Old Republic Title filed a Motion to Continue Class Certification Briefing Schedule Pending Ruling on Dispositive Motions (Dkt. 63) and Third-Party Defendants joined the motion (Dkt. 65). On April 28, 2009, Plaintiffs responded (Dkt. 66) and the parties filed a Stipulation Regarding Voluntary Dismissal of Claims of David and Katherine McFerrin (Dkt. 68). On April 29, 2009, Defendant replied (Dkt. 69) and Third-Party Defendants replied (Dkt. 70).

## II. DISCUSSION

Defendant Old Republic Title, Ltd. moves the Court to strike the current class certification briefing schedule and reset the deadlines for the remaining briefs to dates after the Court issues orders on the pending dispositive motions. Dkt. 63 at 1-2. Plaintiffs claim that this request is merely a delay tactic. Dkt. 66 at 3.

The Ninth Circuit has held that:

> Under the proper circumstances – where it is more practicable to do so and where the parties will not suffer significant prejudice – the district court has discretion to rule on a motion for summary judgment before it decides the certification issue.

*Wright v. Schock*, 742 F.2d 541, 543-544 (9th Cir. 1984).

In this case, Plaintiffs have failed to show that they will suffer significant prejudice if the Court delays consideration of their class certification motion. Moreover, the Court finds that it is more practicable to rule on the summary judgment motions before the class certification motion. Therefore, the Court grants Defendant's motion to continue the class certification briefing schedule.

## III. ORDER

Therefore, it is hereby

**ORDERED** that Defendant Old Republic Title, Ltd.'s Motion to Continue Class Certification Briefing Schedule Pending Ruling on Dispositive Motions (Dkt. 63) is **GRANTED** and the briefing schedule for class certification (Dkt. 21) is **STRICKEN**. The Court will set the deadlines for the remaining class certification briefs after it rules on the pending summary judgment motions.

DATED this 4th day of May, 2009.

BENJAMIN H. SETTLE
United States District Judge